UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LEONARDO DEL VALLE-MEJIA,

    Petitioner,

v.                                             CASE NO. 6:08-cv-2129-Orl-31GJK

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

## **ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 7). Petitioner filed a reply to the response (Doc. No. 9).

Petitioner alleges four claims for relief in his habeas petition. However, as discussed hereinafter, the Court finds that the petition is untimely and must be denied.

### I.    *Procedural History*

Petitioner was charged with trafficking in heroin in the amount of 28 grams or more, conspiracy to traffic in heroin in the amount of 28 grams or more, and tampering with physical evidence. Following a jury trial, Petitioner was convicted of the trafficking count

and acquitted of the two remaining counts. He was sentenced to a thirty-year term of imprisonment subject to a twenty-five year mandatory minimum. Petitioner appealed, and the Florida Fifth District Court of Appeal *per curiam* affirmed on March 1, 2005.

Petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 on August 31, 2006. The trial court summarily denied the motion, and Petitioner appealed. The state appellate court *per curiam* affirmed, and mandate was issued on September 4, 2008.

Petitioner filed the instant habeas petition on December 19, 2008. (Doc. No. 1.)

## II. *Petitioner's Habeas Corpus Petition Is Untimely*

Pursuant to 28 U.S.C. § 2244:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

    (A) the date on which the judgment became final by the consideration of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In the present case, the state appellate court entered its affirmance on March 1, 2005. Petitioner then had ninety days, or through May 30, 2005, to petition the United States Supreme Court for writ of certiorari. *See* Sup. Ct. R. 13. Thus, under § 2244(d)(1)(A), the judgment of conviction became final on May 30, 2005, and Petitioner had through May 30, 2006, absent any tolling, to file a federal habeas petition. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (holding that the one-year period of limitation does not begin to run until the ninety-day period for filing a petition for certiorari with the United States Supreme Court has expired). Petitioner's federal habeas petition was not filed, however, until December 19, 2008. Because the one-year period of limitation ran on May 30, 2006, the instant habeas petition was not timely filed and must be denied.[1]

---

[1] The Court is aware that Petitioner filed a Rule 3.850 motion for post-conviction relief on August 31, 2006. However, because the one-year period expired before Petitioner initiated that action, the tolling provision of section 2244(d)(2) does not apply to such proceedings. *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) (concluding "[a] state court filing after the federal habeas filing deadline does not revive it"); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

3

### III.     *Equitable Tolling Argument*

Petitioner concedes the untimeliness of his petition, but he argues that the one-year period is subject to equitable tolling because he was not informed by his appellate counsel that his initial appeal had been denied until months after the order was issued.

The Eleventh Circuit Court of Appeals has recognized the applicability of equitable tolling to habeas proceedings; however, such tolling is only "appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). Moreover, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814 (2005). Here, Petitioner satisfies neither element.

Petitioner's initial appeal was denied on March 1, 2005, and, according to Petitioner, he was not informed of the court's decision by his appellate counsel until months later. In support of this assertion, Petitioner submitted a letter he allegedly wrote to his appellate counsel wherein complains about counsel's failure to notify him of the appellate court's decision and provide him copies of the pleadings filed in his appeal. (Doc. No. 1-2 at 96-97.) However, the Court notes several inconsistencies in Petitioner's argument in support of equitable tolling, specifically as to the date he was informed that his appeal had been denied. First, Petitioner asserts in his habeas petition that he was not informed by his appellate counsel that his initial appeal had been denied until November or December

4

2005. (Doc. No. 1 at 14.) Second, Petitioner asserts in his reply brief that he did not discover that his initial appeal had been denied until six months after the decision had been issued, or September 2005. (Doc. No. 9 at 2.) Third, Petitioner's letter to his appellate counsel complaining about counsel's failure to inform him that his appeal had been denied is dated May 20, 2005. (Doc. No. 1-2 at 96.) Fourth, in the letter Petitioner requests that appellate counsel send him copies of the initial brief and the appellate court's decision "within (10) days from October 24, 2005." (Doc. No. 1-2 at 97.) As such, the exact date Petitioner learned that his appeal had been denied is in question.

"A lengthy delay between the issuance of a necessary order and an inmate's receipt of it might provide a basis for equitable tolling if the petitioner had diligently attempted to ascertain the status of that order and if the delay prevented the inmate from filing a timely federal habeas corpus petition." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1288 (11th Cir. 2002) (citations omitted). In the instant case, Petitioner cannot establish that the delay prevented him from filing a timely federal habeas petition. At the time Petitioner allegedly discovered that his initial appeal had been denied, more than five months remained of Petitioner's one-year limitation period. However, Petitioner did not file any kind of motion for post-conviction relief in the state trial court until approximately ten months after he allegedly discovered that his initial appeal had been denied. This period of time cannot be explained by Petitioner's argument in support of equitable tolling.

Finally, even if the Court were to toll the time from May 30, 2005 (the date Petitioner's one-year period of limitation started to run), through October 24, 2005,[2] the instant habeas petition would still be untimely by 22 days.

Because equitable tolling does not apply and the one-year period of limitation ran on May 30, 2006, the instant petition is untimely and must be denied. Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Leonardo Del Valle-Mejia (Doc. No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this 24th day of June, 2009.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 6/24
Counsel of Record
Leonardo Del Valle-Mejia

---

[2] Despite the confusion over the exact date Petitioner allegedly learned of the state appellate court's denial of his initial appeal, the Court concludes that, at the very latest, Petitioner learned of the appellate court's decision on October 24, 2005.